## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. CHAFFIN, JR.,

               Petitioner,

     v.

WARDEN, FCI ALLENWOOD
MEDIUM,

               Respondent.

No. 4:22-CV-01242

(Chief Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 25, 2022

Petitioner William J. Chaffin, Jr., an inmate confined at the Allenwood Federal Correctional Institution Medium in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that, due to several Supreme Court decisions, he does not qualify as a career offender and should be resentenced without this enhancement. The Court will dismiss Chaffin's Section 2241 petition for lack of jurisdiction.

## I. BACKGROUND

Chaffin is currently serving a 180-month sentence after pleading guilty to multiple charges involving cocaine distribution.[1] As Chaffin admits, his 180-month sentence was stipulated as part of an 11(c)(1)(C) plea agreement with the

---

[1] *United States v. Chaffin*, No. 2:15-CR-00256-CB-1, Doc. 888 (W.D. Pa. Sept. 1, 2017).

government.[2]  According to Chaffin, when he was sentenced in September 2017, he was determined to be a "Career Offender" under the United States Sentencing Commission Guidelines Manual, which designation increased his federal sentencing Guidelines range (although Chaffin's 180-month sentence was well below that Guidelines range of 262 to 327 months' imprisonment).[3]

It does not appear that Chaffin appealed his conviction or sentence,[4] nor did he file a motion with the sentencing court to collaterally attack his sentence under 28 U.S.C. § 2255.  Instead, he filed the instant Section 2241 petition in this Court, seeking to have his sentence vacated and his case remanded to the sentencing court for resentencing without the career offender enhancement.[5]  Because "it plainly appears from the petition" that Chaffin "is not entitled to relief," the Court must dismiss his petition.[6]

## II.    DISCUSSION

Chaffin contends that the United States Supreme Court's decisions in *Descamps v. United States*[7] and *Mathis v. United States*[8] render his career offender

---

[2]    *See* DOC. 2 at 5-6; FED. R. CRIM. P. 11(c)(1)(C).

[3]    *See* DOC. 2 at 5 (claiming that career-offender designation increased adjusted offense level from 32 to 37 and increased criminal history category from IV to VI; *see generally* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (hereinafter, "Guidelines" or "U.S.S.G.").

[4]    *See* DOC. 2 at 6.

[5]    *See* DOC. 1 at 6, 8.

[6]    *See* 28 U.S.C. § 2254 Rule 4; 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

[7]    570 U.S. 254 (2013).

[8]    579 U.S. 500 (2016).

sentencing enhancement inappropriate.  He argues that *Descamps* and *Mathis* provided a "new interpretation of statutory law" before he "had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions."[9]

Generally, the presumptive method for bringing a collateral challenge to the validity of federal sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[10] Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[11]  The Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[12]  Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[13]

Chaffin does not meet the stringent requirements of Section 2255(e) for two reasons.  First, he does not assert that an intervening change in substantive law has

---

[9]   Doc. 2 at 8.
[10]  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[11]  28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).
[12]  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017).
[13]  *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

made a crime of conviction noncriminal.  Rather, he contends that—following

*Descamps* and *Mathis*—his 1995 state drug convictions no longer qualify as

career-offender predicates.[14]  This type of claim cannot proceed under Section

2241, as a challenge to a career offender designation is not equivalent to claiming

that an intervening change in law has rendered a crime of conviction noncriminal.[15]

Second, the safety valve provision in Section 2255(e) requires an *intervening*

change in controlling law.  *Descamps* and *Mathis* were decided in 2013 and 2016,

respectively, both more than a year prior to Chaffin's September 2017 sentencing.

As such, there was no change in law following Chaffin's sentencing that would

implicate a need to resort to the safety valve in Section 2255(e).  Rather, Chaffin

could have relied on *Descamps* and *Mathis* to attack his career offender

designation directly at sentencing, on appeal, or in a motion to vacate under 28

U.S.C. § 2255.  Chaffin, therefore, has not shown that he had "no earlier

opportunity to challenge his conviction for a crime that an intervening change in

substantive law may negate."[16]

For both of the foregoing reasons, Chaffin cannot meet the stringent

requirements for the safety valve provision.  This Court, therefore, lacks

---

[14]  See Doc. 2 at 11-23.

[15]  *See Okereke*, 307 F.3d at 120-21 (holding that intervening change in sentencing law did not render crime of conviction noncriminal and thus petitioner could not challenge his sentence under Section 2241); *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential) (explaining that challenge to career offender designation was not equivalent to claiming innocence of predicate conviction and thus petitioner could not proceed under Section 2241).

[16]  *In re Dorsainville*, 119 F.3d at 251.

jurisdiction to entertain his Section 2241 petition and it must be dismissed.[17]

## III. CONCLUSION

The Court will dismiss Chaffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of subject matter jurisdiction.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).